IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-084 |
| | * | |
| JOSEPH D. KEMP | * | |

O R D E R

Defendant Joseph D. Kemp was sentenced as a career offender under the United States Sentencing Guidelines on May 30, 2017. Kemp contends that he should no longer be considered a career offender and therefore wishes to have his sentence modified accordingly.

With only three exceptions in 18 U.S.C. § 3582(c), a district court may not modify a sentence once it has been imposed. See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). Because the grounds asserted by Kemp do not fall within the categories of extraordinary and compelling circumstances listed in the applicable Policy Statement of the United States Sentencing Commission, Kemp cannot avail himself of this statute. See U.S.S.G. § 1B1.13 & n.1; United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021) (holding that district courts may not consider "other reasons" outside of the enumerated categories of § 1B1.13 to reduce a sentence). The second exception

references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. This exception is not applicable. Finally, under the third exception, which is also inapplicable, a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). In short, Kemp has not demonstrated that he is entitled to relief under any of the three exceptions. Finally, to the extent that Defendant wishes to challenge the legality of his sentence, he must file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] See <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).

Upon the foregoing, Defendant Kemp's "Request for Modification of Sentence" (doc. 39) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of October, 2022.

```
                                    _____
                                    J. RANDAL HALL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA
```

---

[1] The Clerk is directed to attach a blank form for federal prisoners to seek § 2255 relief to the service copy of this Order.