IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA (AUGUSTA)

Joseph D. Kemp
  Movant

v.                              CV. 123-033
                                (CR-116-084)

United States of America
  Respondent

MOVANT'S RESPONSE TO RESPONDENT'S
MOTION IN OPPOSITION

Now comes the Movant, Mr. Joseph D. Kemp (Mr. Kemp) Responding to the motion in opposition filed by the Respondent.

Mr. Kemp humbly states the following inconsistencies therein:

1) Although Mr. Kemp has pled guilty to the single count of the indictment and signed a plea agreement within this Honorable Court, what he did **NOT** sign away was that if case law deemed his sentence to be improper, miscalculated or

unconstitutional that he would not be at liberty to address the Court to correct the sentence pursuant to the intervening change in interpretation of constitutional magnitude.

Nor had Mr. Kemp signed away his Constitutional right to life and liberty, a fair trial/hearing and justice. All of which would be violated should the Respondent get its way and the intervening change in case law not be applied to a matter that **SPECIFICALLY** pertains to it.

Had said case law/decision been available at the time of Mr. Kemp's proceeding(s), there is a very high chance (beyond a doubt) that Mr. Kemp would **NOT** have been sentenced the way that he was. Thereby demonstrating that with the intervening case law, the "statutory guideline range of punishment" spoken by the Respondent would have been **SUBSTANTIALLY** lower and the Career Offender range would **NEVER** had been a factor.

2) It was at the stern direction of this Honorable Court that, due to the nature of the request/argument, Mr. Kemp file his complaint upon a motion pursuant to 28 U.S.C §2255.

Being an uneducated layperson and not a seasoned

litigate, Mr. Kemp followed the prompted directing of the Honorable Court. Fully aware of the time line in order to file a petition pursuant to §2255 and the time lapse between his sentencing and the petition before this Court, with all due respect to this Honorable Court, it would be a proverbial "spit in the wind" for the Court to order that Mr. Kemp file said §2255, mail him the §2255 packet for the Court only to dismiss it because it was "untimely".

3) Without the assistance of Counsel, Mr. Kemp was uneducated in filing notices of Appeals, Appeals and/or post-conviction relief remedies. Had Mr. Kemp known that:

    A) intervening case law/Court decision(s) would dramatically alter his criminal status;

    B) his criminal conviction would be enhanced by priors that would, later, be deemed unconstitutional years later;

there would have been a higher probability that, an effective Counsel, a Notice of Appeal would have been filed on behalf of Mr. Kemp. But, that

was not the case.

Therefore, Mr. Kemp would not have been able to address this matter on appeal for said case law did not become established until AFTER he was sentenced (years later). With no pre-notion that said intervening case law would re-establish his sentence, there is no way that Mr. Kemp could have filed a direct appeal on case law that had not been established yet.

Finally, all of this is a clear misdirection from the original argument. New intervening case law has demonstrated that Mr. Kemp's sentence was enhanced utilizing a predicate (or predicates) that no longer apply. According to such, Mr. Kemp's sentence is determined to be unconstitutional by the standards of law.

To hold Mr. Kemp to an unconstitutional sentence, fully aware of the newly intervening case law that demands relief, would be a miscarriage of justice merely because of a draconian plea agreement. The Constitutional Rights of an individual can not be signed away via plea agreement. Furthermore, this Honorable Court is fully aware that, everyday

laws are altering individuals [like Mr Kemp] sentences. These, now deemed, unconstitutional sentences, though they be via plea agreement or jury verdict, are corrected everyday. Mr. Kemp's situation is no different than the average petitioner seeking his constitutional right(s).

Such changes would include the South Carolina statute and how it does not qualify as a controlled substance offense under the guideline. Had a categorical approach been taken, it would have demonstrated that South Carolina Code Section 44-53-370 was, indeed, overbroad, criminalizing more conduct than the United States Sentencing Guideline would call for.

South Carolina statutes, on their face, govern a broad range of conduct than the ACCA or Career Offender guideline by prohibiting the mere "<u>PURCHASE</u>" of narcotics.

Furthermore, the definition of "<u>distribution</u>" under the South Carolina law demonstrate that the offense could be committed through inchote conduct - <u>Attempted Transfer</u>. 4B1.1 or 4B1.2 does NOT include an "<u>Attempt to deliver</u>".

Had defense counsel adequately explained the

entire proceedings, Mr. Kemp would not have pled without challenging the Career Offender guideline. The usage of said South Carolina, which is overbroad and was overbroad at the time of Mr. Kemp's conviction and sentencing, contributed to the unconstitutional sentence he now resides within.

### IN CONCLUSION

Mr. Kemp has made a prima facie showing that this matter is ripe for review; that his sentence, pursuant to new, intervening case law, is unconstitutional; and, that relief is warranted by this Honorable Court.

Therefore, Mr. Kemp humbly request this Honorable Court take a de novo review and remove the Career Offender category from his sentence, thereby correcting his sentence DRAMATICALLY.

Humbly Submitted

Joseph Kemp
21821-021

Mr. Joseph D. Kemp
Reg. No. 21821-021
FCI-Gilmer
PO Box 6000
Glenville, WV. 26351

CERTIFICATE OF SERVICE

I hereby certify that the information herein is true and correct. That said information has been placed within the institutional mailing system on the date listed below to be electronically filed and distributed to all parties involved in this matter.

/s/ Joseph Kemp
Mr. Joseph D. Kemp
Reg. No. 21821-021

Date: 6/6/2023

⇨21821-021⇦
Kemp Joseph
Federal Correction Institution Gilmer
P.O. Box 6000
Glenville, WV 26351
United States

Charleston PSDC 253
WED 07 JUN 2023

U.S. Marshals Service
Savannah, Georgia

RECEIVED

Office of the C
United States Distr
Southern District of G
P.O. Box 8286
Savannah, Georgi
31