IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOSEPH D. KEMP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 123-033 |
| ) | (CR 116-084) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 13).

The Magistrate Judge found Petitioner's motion was untimely under 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In his objections, Petitioner acknowledges his motion is untimely but claims the Court "ordered" him to file the present § 2255 petition, which he presumes should excuse untimeliness. Petitioner is referring to the Court's Order denying his motion for modification of sentence, where the Court explained "to the extent that Defendant wishes to challenge the legality of his sentence, he must file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255." United States v. Kemp, CR 116-084, doc. no. 41, p. 2 (S.D. Ga. Oct. 11, 2022). However, the Court did not hold AEDPA would not apply to any subsequent § 2255 motion, and the Magistrate Judge correctly found Petitioner did not present any circumstances or arguments to make timely or excuse his late petition under AEDPA.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 4), and **DISMISSES** Petitioner's motion, filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 31ST day of July, 2023, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.